■ JOANNA F. TORRELLA, Respondent, v. ANTON J. M. TORRELLA, Appellant.— In an action by the plaintiff wife upon a promissory note executed and delivered to her by the defendant husband, the defendant appeals from a judgment of the Supreme Court, Queens County, entered February 28, 1962, upon the decision of the court, after a nonjury trial, in favor of the plaintiff. The parties were judicially separated (see 5 A D 2d 775). Judgment affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ LILLIAN WASSERMAN, Respondent, v. LILLIAN IBA et al., Defendants and STEWARD H. FRIEDMAN, Appellant.— In a negligence action to recover damages for personal injury sustained by plaintiff, a pedestrian, as a result of the collision between the defendants' respective motor vehicles, the defendant Steward H. Friedman appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated May 29, 1962, as denied with respect to him, the motion made by him and by his wife, the defendant Doris Friedman, for summary judgment dismissing the complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

## (October 26, 1962)

■ MARIA R. LO PRESTI, Respondent, v. JOSEPH R. LO PRESTI, Appellant.— Motion by appellant for a stay of order directing him to pay alimony *pendente lite* and counsel fee to respondent, pending his appeal from such order. Motion granted on the following conditions: (1) that appellant shall pay to respondent the sum of $200 per week commencing as of September 28, 1962, on account of the alimony; (2) that within 10 days after entry of the order hereon, appellant shall pay to respondent the sum of $1,500 on account of the counsel fee; (3) that appellant shall continue to pay all the carrying and maintenance charges on the house owned by the parties as tenants by the entirety; (4) that appellant shall permit respondent to remain in the exclusive possession and undisturbed occupancy of such house; and (5) that appellant shall perfect and be ready to argue or submit the appeal on November 30, 1962. The appeal is ordered on the calendar for said date; the record and appellant's brief to be filed and served on or before November 19, 1962. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.